898 F.2d 148
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Jerome KING, Defendant-Appellant.
 No. 89-5206.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 18, 1990.
Decided: March 1, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-89-5-3)
 William E. Martin, Federal Public Defender, G. Alan Dubois, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Frederic L. Borch, III, Special Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Jerome King appeals from the sentence imposed upon his conviction on one count of larceny of personal property of a value in excess of $100.00 and aiding and abetting such larceny, in violation of 18 U.S.C. Secs. 661, 2. Finding no error in the sentence, we affirm.
 
 I.
 
 2
 Between December 1987 and May 1988, King and Bernard Campbell committed a number of automobile break-ins on the Fort Bragg, North Carolina, military base. The two would break into the cars by smashing the car windows with a rock or crowbar. They would then take whatever they could find in the car and pawn or fence the stolen property. King admits that he and Campbell committed over 50 of these larcenies, 20 to 30 in the month of April alone.
 
 
 3
 On January 10, 1989, King and Campbell were indicted in a six-count indictment. Pursuant to a plea agreement, King pleaded guilty to the one count of larceny and aiding and abetting on April 10, 1989. At a later proceeding, the district court found King's total offense level to be seven, which, with King's criminal history, calls for a sentencing range of 8-14 months. The court then imposed a 10-month sentence of incarceration to be followed by a 3-year term of supervised release. King also was ordered to make restitution in the amount of $2,010.00 and to pay a $3,000.00 fine and a $50.00 special assessment. This appeal followed.
 
 II.
 
 4
 The only issue raised by appellant concerns the inclusion in his total offense level of a two-level increase under U.S.S.G. Sec. 2B1.1(b)(4) on a finding by the district court that his offense involved more than minimal planning. Appellant argues that this enhancement was improper because his simple larcenies involved nothing more than breaking a car window with a rock and taking what was inside. He posits that this enhancement is appropriate only for sophisticated crimes which show ingenuity in planning or execution. Appellant contends that his crimes simply do not fit this mold and were prototypical crimes of minimal planning. We are not persuaded.
 
 
 5
 We review the district court's finding of more than minimal planning with a great deal of deference. Because the determination of whether or not a crime involves more than minimal planning is essentially one of fact, we will reverse only if we find a district court's decision clearly erroneous. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). Under this standard of review, we have no difficulty upholding the district court.
 
 
 6
 While appellant is certainly correct that this enhancement is appropriate for crimes which display sophistication and ingenuity, his attempt to limit the enhancement to such crimes must be rejected. Although appellant's larcenies were simple in plan, he has admitted to perpetrating over 50 such acts during a period of several months. As Application Note 1(f) to U.S.S.G. Sec. 1B1.1 makes clear:
 
 
 7
 "More than minimal planning" is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. Consequently, this adjustment will apply especially frequently in property offenses.
 
 
 8
 Thus, we cannot agree with appellant that, despite the repeated nature of his criminal conduct, the simple means which he chose to perpetrate his crimes insulates him from the enhancement of Sec. 2B1.1(b)(4). See United States v. Scroggins, 880 F.2d 1204, 1215 (11th Cir.1989), cert. filed, No. 89-6363 (Nov. 24, 1989) (series of 19 simple break-ins to postal vending machines involves more than minimal planning).
 
 
 9
 Here, the district court weighed the evidence and concluded that the sheer number of appellant's larcenies, coupled with the circumstances surrounding those larcenies, justified a two-level increase. On this record, we cannot say that the lower court clearly erred. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court.
 
 
 10
 AFFIRMED.